IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 17-cv-7667<br>)<br>) Judge Robert M. Dow |
| DOES 1-25, | )<br>) |
| Defendants. | )<br>) |
| DOE No. 23, ERNESTO MENDOZA, | )<br>) |
| Counter-Plaintiff, | )<br>) |
| v. | )<br>) |
| BODYGUARD PRODUCTIONS, INC., | )<br>) |
| Counter-Defendant. | )<br>) |

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR VOLUNTARY DISMISSAL
OF DOE NO. 23 AND FOR DISMISSAL OF COUNTERCLAIMS**

Bodyguard Productions, Inc., by and through its attorneys, Hughes Socol Piers Resnick & Dym, Ltd., moves this court to voluntarily dismiss Doe No. 23 with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, with each party bearing its own fees and costs, and to dismiss Doe No. 23 Ernesto Mendoza's ("Mr. Mendoza" or "Doe No. 23" or "Defendant")[1] counterclaims for the reasons set forth below.

**I.     INTRODUCTION**

Bodyguard Productions, Inc. originally filed this action based on information that Doe No.

---
[1] Doe No. 23 is the subscriber assigned Internet Protocol address 24.12.111.84.

23 illegally downloaded the mainstream movie *The Hitman's Bodyguard*. Upon recently learning that Doe No. 23 is reportedly experiencing end stage renal-failure, Plaintiff has elected not to pursue its claims against this defendant. For this reason, and to conserve judicial resources and prevent unnecessary expense by the parties, Plaintiff respectfully requests that this Court dismiss with prejudice all of Bodyguard Productions, Inc.'s claims pending against Doe No. 23 in this case. In addition, because this Court's dismissal with prejudice of Bodyguard Productions, Inc.'s claims would eliminate any actual case or controversy in this proceeding, Plaintiff asks that the Court dismiss as moot Defendant's counterclaims, which seek to dismiss Plaintiff's complaint without prejudice and obtain a declaration of non-infringement. Plaintiff wishes to dismiss Doe No. 23 with prejudice, each side bearing its own fees and costs.

## II. LEGAL STANDARD

A plaintiff can voluntarily dismiss an action without a court order if the defendant has not served an answer or motion for summary judgment, or by stipulation of both parties. Fed. R. Civ. P. 41(a)(1). If a defendant has filed an Answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "It is the intent of Rule 41(a)(2) to prevent voluntary dismissals which unfairly affect the opposing party." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). "Rather than being a matter of right, the allowance of a motion to dismiss under Rule 41(a)(2) is discretionary with the district court." *Id.*

### III. ARGUMENTS

#### A. The Court Should Dismiss Plaintiff's Claim with Prejudice

On October 24, 2017, Plaintiff filed its complaint. Dkt. 1. On November 9, 2017, Plaintiff filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. Dkt. 9. On November 30, 2017, Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference was granted and the initial status hearing was continued from December 12, 2017 to January 31, 2018. On or about January 24, 2018, Plaintiff received a response to its subpoena from Comcast Cable Communications Management, LLC which established that the subscriber assigned IP Address 24.12.111.84 on the date and time of infringement was Mr. Mendoza. The subpoena response also provided Mr. Mendoza's address. On or about February 13, 2018, and April 24, 2018, Plaintiff sent demand letters to Mr. Mendoza. Each letter urged Defendant to contact Plaintiff's counsel to resolve this matter. Plaintiff's practice is to contact Doe defendants in an attempt to resolve the matter. While resolution may include a settlement, at times resolution involves dismissal after obtaining information establishing that: (1) another individual in the home is the infringer; (2) defendant did not have access to the relevant IP address; (3) defendant is experiencing financial hardship; (4) defendant has serious health issues; or (5) defendant is in the military. However, in this case, Mr. Mendoza never attempted to contact Plaintiff. On June 19, 2018, prior to Plaintiff amending its complaint, naming a defendant, or serving any defendants with a summons and complaint, Mr. Mendoza's counsel filed an appearance, and an Answer with affirmative defenses and counterclaims. Dkts. 26, 27.

Since Defendant only just filed his Answer, no discovery has taken place. Indeed, no depositions have occurred, discovery requests have not been exchanged, and thus Defendant has

3

not spent any effort or expense in preparing for trial. Mandatory initial disclosures under the Mandatory Initial Discovery Pilot (MIDP) are due July 18, 2018.

In his Answer, Mr. Mendoza, for the first time disclosed his age and dire health situation. Indeed, his Answer states that he is in his early 70's and that he is currently out of the country seeking last-ditch treatment for end-stage renal failure. (¶2 Statement of Facts-Defendant's Counterclaim). Immediately upon learning this information, Plaintiff decided that dismissal was appropriate.

Here, Plaintiff seeks to dismiss this action against Mr. Mendoza because Plaintiff has no intention of pursing a lawsuit against an elderly individual who is ill. It is worth noting that had defense counsel contacted undersigned and explained Defendant's health situation, Plaintiff would have dismissed Defendant from this matter without consuming the Court's time. Such a course of action would have also obviated the need for the filing any Answer with affirmative defenses, and Counterclaims.

### B. The Court Lacks Subject Matter Jurisdiction Over Defendant's Counterclaim for Declaratory Judgment of Non-Infringement

Defendant's counterclaim seeks a declaratory judgment that he did not infringe Plaintiff's work through use of IP address 24.12.111.84 within the BitTorrent network. However, the Court should dismiss Defendant's declaratory judgment of non-infringement claim because upon dismissal of Doe No. 23, the Court lacks subject matter jurisdiction over the claim. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). "Article III, of course, gives the

federal courts jurisdiction over only "cases and controversies," and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 154–55, 110 S. Ct. 1717, 1722, 109 L. Ed. 2d 135 (1990).

"The case or controversy requirement of Article III applies equally to declaratory judgment actions." *Fatwallet, Inc. v. Best Buy Enter. Servs.*, No. 03 C 50508, 2004 U.S. Dist. LEXIS 6153, at *4 (N.D. Ill. Apr. 12, 2004) (Reinhard, J.). "For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Ashcroft v. Mattis*, 431 U.S. 171, 172, 97 S. Ct. 1739, 1740, 52 L. Ed. 2d 219 (1977). "A case becomes moot -- and therefore no longer a "Case" or "Controversy" for Article III purposes -- "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S. Ct. 721, 723, 184 L. Ed. 2d 553 (2013).

By the present motion, Plaintiff seeks dismissal of its infringement claim against Doe No. 23 with prejudice. By dismissing its claim with prejudice, Plaintiff is foregoing any claim with respect to this infringement. The dismissal forecloses Plaintiff's ability to bring a copyright suit against Defendant for the alleged infringement. The dismissal acts as an adjudication on the merits adverse to Plaintiff on that issue. *See, e.g., Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) ("The dismissal of a claim with prejudice ... is a judgment on the merits under the law of the Federal Circuit.")[2]. "[T]he primary issue in this case [is][…] whether Defendant actually downloaded, used, and/or distributed Plaintiffs' copyrighted materials without

---

[2] Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co, Inc. v. Shore,* 439 U.S. 322, 326, fn. 5 (1979).

authorization to do so." *Interscope Records v. Kimmel*, No. 3:07-cv-0108, 2007 U.S. Dist. LEXIS 43966, at *12 (N.D.N.Y. June 18, 2007). Accordingly, "[i]f Plaintiffs withdraw their claim [and it has], there is no continuing threat lingering over Defendant […] [Therefore] […] there is no continuing case or controversy." *Id.* at *12. Here, "there is [simply] no reason to force [Plaintiff] to defend a claim by Defendant arguing that he did nothing wrong." *Id.* at *14-15. Indeed, "[c]ountenancing such a theory for entertaining Defendant's counterclaim would open the floodgates to endless potential litigation by persons seeking a declaration that [their] activities do not violate another's rights." *Id.* Accordingly, upon the granting of Plaintiff's motion to dismiss its claim with prejudice, there will no longer be a "substantial controversy" between the parties of "sufficient immediacy and reality" sufficient to form the basis for an Article III case or controversy. *See MedImmune, Inc. v. Genentech, Inc,.* 549 U.S. 118, 126 (2007).

Further, to survive the present motion to dismiss, Defendant must prove that the Court has continuing jurisdiction to decide its counterclaim. *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012) ("The party seeking a declaratory judgment must establish that jurisdiction 'existed at the time the claim for declaratory relief was filed and that it has continued since.'") (quoting *Benitec Aust., Ltd. v. Nucleonics, Inc.*, 495 F.3d 13401 1343 (Fed. Cir. 2007)). Defendant cannot prove there is a continuing case or controversy as to its non-infringement counterclaim because Plaintiff no longer seeks to assert (and will not be able to reassert) its copyright infringement claim against Defendant. *See Streck, Inc.*, 665 F.3d at 1281-82 (holding that declaratory judgment counterclaims did not survive as to claims no longer being asserted).

As such, given the strong precedent to dismiss a party's counterclaims when the underlying claim has been dismissed, Plaintiff requests that this court dismiss defendant's counterclaims.

"District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses." *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05 C 6656, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006) (Leinenweber, J.); see e.g. *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990) (Shadur, J.) (Court dismissed a counterclaim that because it sought no affirmative relief and struck 6 of the 8 affirmative defenses.); *Malibu Media, LLC v. John Doe.*, 13-c-3648 (N.D. Ill. June. 9, 2014) (Kennelly, J.) (dismissing counterclaims that "add nothing to the affirmative defenses" and "do not present an independent case or controversy that would survive a dismissal of Plaintiff's infringement claim."); *Atl. Recording Corp. v. Serrano*, No. 07-CV-1824 W (JMA), 2007 U.S. Dist. LEXIS 95203, at *11 (S.D. Cal. Dec. 27, 2007) ("Numerous courts have dismissed declaratory relief counterclaims in electronic copyright infringement actions where the question of whether defendant infringed plaintiff's rights will be decided by plaintiff's claim."). This is because, in those cases, "Defendant seeks no relief in his counterclaim other than that which would have the opposite effect of the relief sought in the Complaint. As such, [the] counterclaim is redundant and unnecessary." *Malibu Media, LLC v. Batz*, Civil Action No. 12-cv-01953-WYD-MEH, 2013 U.S. Dist. LEXIS 84709, at *10 (D. Colo. May 17, 2013)). (Court dismissed defendant's counterclaim after plaintiff dismissed complaint because the dismissal of trademark infringement claims deprived the court of jurisdiction over defendant's counterclaim.) *Ciber, Inc. v. Ciber Consulting, Inc.* 326 F.Supp.2d 886 (N.D. Ill. 2004) (Gettleman, J.).

Here, Defendant's counterclaim fails as a matter of law and must be dismissed as an inappropriate "repackaging" of his initial denial of infringement. Specifically, Defendant's counterclaim is nothing more than a denial of infringement and must be dismissed because it added nothing more to the underlying lawsuit, which Plaintiff is already moving to dismiss.

### C. **Defendant's Second Counterclaim Should be Dismissed as Improperly Pleaded**

Defendant's second counterclaim suggesting Plaintiff's complaint should be dismissed because it fails to comply with Fed. R. Civ. P. 4(m) should be dismissed as having been improperly pleaded. "…a "violation of a Federal Rule of Civil Procedure does not give rise to an independent cause of action," *KRW Sales, Inc. v. Kristel Corp.*, 154 F.R.D. 186, 188 (N.D. Ill. 1994) (Conlon, J.). "[a] counterclaim differs from an answer or affirmative defense. A counterclaim is used when seeking affirmative relief, while an answer or affirmative defense seeks to defeat a plaintiff's claim." *Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.,* 771 F.3d 391, 401 (7th Cir. 2014) "The affirmative defense is a descendant of the old plea of "confession and avoidance," whereby a defendant admits the plaintiff's prima facie case, and then alleges additional material that defeats the plaintiff's cause of action." *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.,* No. C 05-04158 MHP, 2007 WL 608009, at *9 (N.D. Cal. Feb. 23, 2007). "To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *Arnold v. Garlock Inc.,* 288 F.3d 234, 237 (5th Cir. 2002).

In the present case, under Fed. R. Civ. P. 4(m), failure to serve a defendant within 90 days of filing a complaint may result in the dismissal of plaintiff's complaint without prejudice unless the plaintiff shows good cause for the failure of service. As noted above, a successful affirmative defense renders plaintiff's claims void, whereas a successful counterclaim allows recovery by Defendant. The requested remedy by Defendant, dismissing Plaintiff's complaint without prejudice, would not provide for successful recovery by Defendant, and should this be treated as an affirmative defense and not as a counterclaim. Therefore, Defendant's second counterclaim should be stricken as not properly pleaded before this Court.

### D. Each Party Should Bear Own Fees and Costs

Normally, a defendant would be happy to accept a plaintiff's offer to dismiss its claims with prejudice. In this case, however, despite receiving such an offer from Plaintiff, defense counsel has refused to accept a dismissal with prejudice and instead has claimed a desire to continue litigation. In his counterclaims, Defendant lists cases where defendants have obtained attorney fees in copyright infringement cases including *Elf-Man LLC v. Lamberson,* 13-cv-395 (E.D. Wa.); *Cobbler Nevada, LLC v. Gonzales,* 15-cv-866 (D. Or.); *ME2 Productions v. Sheldon,* 17-cv-158 (D. Or.); *Clear Skies Nevada v. Hancock,* 15-cv-6708 (N.D. Ill.); *Criminal Productions Inc. v. Cordoba,* 16-cv-2704; *Fathers and Daughters Nevada, LLC v. Zhang;* 16-cv-1443 (D. Or.). This is the real reason defense counsel is opposing the dismissal of all claims against her client with prejudice. Counsel for defendant is merely seeking attorney fees by prolonging litigation as long as possible.

Since Defendant cannot demonstrate that an actual case or controversy remains to provide this Court with jurisdiction to hear Defendant's counterclaims, Defendant's counterclaims should be dismissed and both sides should bear their owns fees and costs.

WHEREFORE, Plaintiff respectfully requests this Court to voluntarily dismiss Doe No. 23 with prejudice and to dismiss Doe No. 23's counterclaims with prejudice, each side bearing its own fees and costs.

Respectfully submitted,

Dated: July 6, 2018　　　　　　　　　BODYGUARD PRODUCTIONS, INC.

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com
Attorneys for Plaintiff
Bodyguard Productions, Inc.

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing Plaintiff/Counter-Defendant's Motion for Voluntary Dismissal of Doe No. 23 and for Dismissal of Counterclaims was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on July 6, 2018.

                                                         s/Michael A. Hierl