**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOES 1-25, )<br>)<br>Defendants. )<br>_____)<br>)<br>DOE No. 23, ERNESTO MENDOZA, )<br>)<br>Counter-Plaintiff, )<br>)<br>v. )<br>)<br>BODYGUARD PRODUCTIONS, INC., )<br>)<br>Counter-Defendant. )<br>) | Case No. 17-cv-7667<br><br>Judge Robert M. Dow |

**PLAINTIFF'S MOTION TO STAY ITS MANDATORY INITIAL DISCOVERY
RESPONSES UNTIL THE PENDING MOTION TO DISMISS IS RULED UPON**

NOW COMES Plaintiff, Bodyguard Productions, Inc., through its attorneys, Hughes Socol Piers Resnick & Dym, Ltd., and presents its Motion for a Stay of its Mandatory Initial Discovery Pilot ("MIDP") Responses until a determination is made on its pending Motion to Dismiss. In support of this Motion, Plaintiff states as follows:

I.    **INTRODUCTION**

Pending before the Court is Plaintiff/Counter-Defendant's Motion for Voluntary Dismissal of Doe No. 23 and for Dismissal of Counterclaims. Dkt. 31. Based upon governing principles and law, Plaintiff's Motion to Dismiss Doe No. 23 should be granted, which would divest the Court of

subject matter jursdiction over Doe No. 23's Counterclaims. The jurisidictional issue should first

be addressed before this case proceeds.  Plaintiff's initial MIDP responses are due July 18, 2018.

Since Plaintiff/Counter-Defendant's motion is potentially dispositive of this case, Plaintiff seeks a

stay of its mandatory initial discovery responses until the pending motion is resolved.


## II.  **LEGAL STANDARD**

"The District Court has broad discretion to stay proceedings as an incident to its power to

control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997).  "[T]he power to stay

proceedings is incidental to the power inherent in every court to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (Durkin, J.).

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing

cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  An Article III

court must dismiss a case when it lacks subject matter jurisdiction because there is no case or

controversy, and such case or controversy must exist at all stages of litigation." *Popnikolovski v.*

*U.S. Dep't of Homeland Sec., Citizenship & Immigration Servs.*, 726 F. Supp. 2d 953, 960 (N.D.

Ill. 2010) (Pallmeyer, J.).

"...[T]he postponement of discovery responses ... may be granted in the case of certain

motions to dismiss..."  (Mandatory Initial Discovery Users' Manual for the Northern District of

Illinois, Comment, B(2)).

"To maximize the effectiveness of mandatory initial discovery, responses must address

all the claims or defenses that will be raised by the parties. Accordingly, parties must file

answers, counterclaims, crossclaims and replies within the time required by the rules of

procedure. The parties must do so even if they file a motion to dismiss, **unless the motion is based on lack of subject matter jurisdiction**, lack of personal jurisdiction, sovereign immunity, or absolute or qualified immunity, and the Court agrees to defer filings of pleadings for good cause." *Id.* at E. (emphasis added).

### III.    ARGUMENT

A. Good Cause Exists for this Court to Stay Plaintiff's MIDP Responses

Before this case proceeds on Doe No. #23's counterclaims, this Court must first address whether it has subject matter jurisdiction over those claims. Without jurisdiction, no further proceedings are appropriate.

The deadline for the parties to exchange MIDP discovery responses is July 18, 2018. Discovery during this stage of the proceedings will cause the parties to expend significant resources and may subject this Court to lengthy motion practice. However, because the issue of the Court's jursidiction remains unresolved, these costs can be avoided or postponed by staying the discovery proceedings until the Court has reached a resolution on Plaintiff/Counter-Defendant's motion to dismiss.

> "District courts enjoy extremely broad discretion in controlling discovery. Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted. The mere filing of the motion does not automatically stay discovery … But such stays are granted with substantial frequency. Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery … Stays are often deemed appropriate where the motion to dismiss can resolve the case - at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, or qualified immunity."

*In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 331, 336 (N.D. Ill. 2005) (Holderman, J.).

A stay is appropriate where, as here, it will preserve judicial resources. This Court should grant the requested stay to avoid potentially needless and wasteful expenditures in further proceedings, including pending MIDP discovery.

The requested stay is for the period of time during which the Court addresses ongoing jurisdiction, which places no greater hardship on Defendant, other than arguing jurisdiction. Defendant bears the burden of establishing this Court's jurisdiction over its counterclaim prior to obtaining any relief on the merits of its claims. "When federal jurisdiction is challenged, the party seeking to invoke it bears the burden of establishing that the case is properly in a federal forum." *Roman v. Grafton Transit, Inc.*, 948 F. Supp. 736, 738 (N.D. Ill. 1996) (Denlow, J.). Implementing the stay has the potential to greatly simplify issues and promote judicial economy by determining whether this matter will proceed at all. Imposing a stay in the present case conserves judicial and party resources and poses no unfair burden to Defendant.

## IV.     __CONCLUSION__

For the foregoing reasons, Plaintiff respectfully requests that this Court stay all proceedings, including MIDP discovery, pending this Court's determination of ongoing subject matter jurisdiction as presented by its pending Motion to Dismiss.

DATED:  July 16, 2018                                    Respectfully submitted,

BODYGUARD PRODUCTIONS, INC.


By:     s/ Michael A. Hierl
        Michael A. Hierl (Bar No. 3128021)
        William B. Kalbac (Bar No. 6301771)
        Hughes Socol Piers Resnick & Dym, Ltd.
        Three First National Plaza
        70 W. Madison Street, Suite 4000
        Chicago, Illinois 60602
        (312) 580-0100

        Attorneys for Plaintiff
        Bodyguard Productions, Inc.

## <u>CERTIFICATE OF FILING</u>

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing Complaint for Copyright Infringement  was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on July 16, 2018.


                                                  s/Michael A. Hierl