UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC. )<br>)<br>        Plaintiff, )<br>)<br>  v. )<br>)<br>Does 1 – 25, )<br>)<br>        Defendants. )<br>)<br>_____<br><br>DOE NUMBER 23, Ernesto Mendoza, )<br>)<br>        Counter-Plaintiff, )<br>)<br>  v. )<br>)<br>BODYGUARD PRODUCTIONS, INC. )<br>)<br>        Counter-Defendant. ) | Case No. 17 CV 7667<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Susan E. Cox |

**DEFENDANT DOE NUMBER 23, ERNESTO MENDOZA'S MOTION FOR RECONSIDERATION**
_____

Defendant/Counter-Plaintiff Ernesto Mendoza ("Mendoza") pursuant to Fed. R. Civ. P. 59(e), submits this Motion for Reconsideration of this Court's February 19, 2019 Order, and states as follows:

**INTRODUCTION**

At the time Mr. Mendoza's Objection to Plaintiff's Motion to Dismiss was filed, in August of 2018, BitTorrent Plaintiff Bodyguard Productions, Inc. ("Plaintiff" or "Bodyguard") had filed 111 cases nationwide, 70 of them in the Northern District of Illinois. Since that time, Plaintiff has

1

filed only 17 more cases nationwide, all but four of them in the Northern District of Illinois.[1] This is no accident. To be blunt, the Northern District of Illinois remains the preferred filing destination[2] for these highly questionable claims for good reason – reasons validated by this Court's recent ruling: cases can be without any concerns of scrutiny; the bench is overwhelmed and does not wish to engage in the merits; and most importantly, despite the plain guidance of *Fogerty v. Fantasy* and its progeny in this Circuit (*See, e.g. Riviera Distributors, Inc. v. Jones*), BitTorrent plaintiffs do not have to worry about being held responsible for their sham litigation tactics because *even when their misdeeds are pointed out in excruciating detail, and despite a strong presumption that fees should be awarded to a prevailing party Defendant, the Court will not award fees*.

This is a problem for two reasons: First, as the filing statistics lay bare, it encourages the ongoing onslaught of sham litigation clogging this district's docket. Second, it discourages the defense of that sham litigation because most defendants cannot afford to defend themselves and very few attorneys are willing to work for free. Sadly, "the Court's ruling all-but ensures that … there will be no pro bono attorneys left to handle this work. Knowing [that pro bono counsel has] no hope of being reimbursed [their] fees will make it that much more challenging for [pro

---

[1] Based on searches conducted by the undersigned of national PACER system using the term "Bodyguard Productions" as "Plaintiff" on March 18, 2019.

[2] What the Court suggests are "dozens and dozens" are actually "hundreds and hundreds" – an estimated 550 cases have been filed by non-porn attorney Michael A. Hierl, each case averaging between 20 and 40 "Does." (Examples: 87 complaints filed on behalf of Dallas Buyers Club; 50 complaints filed on behalf of ME2 Productions; 86 complaints filed on behalf of LHF Productions.) That means that non-porn cases alone have impacted an estimated 16,500 Doe defendants. That number does not account for the estimated 1000 claims have been filed by porn troll attorney Mary K. Schulz on behalf of porn troll Malibu Media. These statistics are based on searches conducted in the Illinois ECF system by the undersigned on March 18, 2019.

bono attorneys] to find the time and resources to do this growingly thankless work."[3] Defendant Mendoza file this Motion not only seeking reconsideration of the Court's decision to decline an award of fees, but to gently encourage the Court to make good on its promise to refer this issue to the Rules Committee.

As discussed in detail below, Mendoza seeks reconsideration of the Court's denial of an award of fees based on the rulings of several courts, and evidence discovered in other BitTorrent cases, all of which constitutes newly discovered evidence. The Court's Order denying a fee award is also a manifest error of law because the Court did not properly apply Seventh Circuit precedent regarding prevailing party fee awards under § 505 of the Copyright Act.

On a policy level, the Court's Order can and should be considered "Exhibit A" to why troll litigation has been all-but eliminated in most jurisdictions (this Plaintiff has only filed in six other districts: Hawaii; the Western District of Washington; Colorado; New York; Virginia and Utah)[4] but is still rampant in this jurisdiction. The collective filings of non-porn and porn plaintiffs in this jurisdiction account for nearly 1500 claims against an estimated 35,000 defendants. The bench of this district, both collectively and individually, should be extremely concerned about that statistic, for all of the reasons already presented in previous filings, and even more so in light of new evidence that has come to light since Plaintiff's original request to cut and run.

---

[3] https://www.xwn2.com/category/copyright-trolls/

[4] Copyright trolling in Washington, California and Oregon has been all-but-eliminated by both judicial intervention and an active pro-bono bar, as discussed in Mendoza's prior Response (ECF Nos. 42 – 47). Only a single court west of Colorado – the District of Hawaii – has seen a new filing since the Ninth Circuit's ruling in *Cobbler Nevada v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018) discussed below.

**LEGAL STANDARD**

"Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact." *White v. United States*, Case No. 16-cv-0968-JPG, 2017 U.S. Dist. LEXIS 127140 at *5 (N.D. Ill. Aug. 10, 2017) (*citing Sigsworth v. City of Aurora, Ill.,* 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001)). "A manifest error of law or fact under [the applicable] standard occurs when a district court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or made an error not of reasoning, but of apprehension." *Id*. at 911-912.[5] "[A] manifest error of law 'is not demonstrated by the disappointment of the losing party'; instead, it is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Valentine v. Wideopen West Fin., LLC*, No. 09 C 7653, 2013 U.S. Dist. LEXIS 139071 at *12 (N.D. Ill. Sept. 27, 2013(applying Rule 54(b)). Mendoza's analysis of the Court's February 19 Order is well beyond "disappointment." Mendoza suggests that this Court has both misapprehended the facts and misapplied controlling precedent.

---

[5] "Motions to reconsider under 54(b) 'are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e).'" *Dobbey v. Carter*, No. 12-cv-9223, 2017 U.S. Dist. LEXIS 91237 at *11 (N.D. Ill. June 14, 2017) (citation omitted). For this reason, Mendoza relies on both Rule 54(b) and Rule 59(e) cases in support of the applicable standard for review here.

**ARGUMENT**

**A.     New Evidence Supports an Award of Fees.**

Since August of 2018, three relevant events have occurred. Each is an independent basis for reconsideration, but collectively they present overwhelming evidence that it was error to disregard the presumption of a fee award in this case.

First, only a few short weeks after this case was fully briefed, the Ninth Circuit dealt the BitTorrent model a stunning blow in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018) holding that, "In this copyright action, we consider whether a bare allegation that a defendant is the registered subscriber of an Internet Protocol ('IP') address associated with infringing activity is sufficient to state a claim for direct or contributory infringement. We conclude it is not."  Said another way, [t]his is a situation "where a complaint pleads facts that are merely consistent with a defendant's liability … stop[ping] short of the line between possibility and plausibility of entitlement to relief." *Id*. at 1147 *citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation marks omitted.) "The allegations are not 'enough to raise a right to relief above a speculative level.'" *Id. citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If this Court were to adopt the holding in *Gonzales*, this Defendant and all others named in Plaintiff's form complaint would have been entitled to dismissal.

Furthermore, and of more relevance to this Motion, Mendoza (and presumably all other defendants) would also have been entitled to their fees: "awarding fees would deter [Plaintiff] from an 'overaggressive pursuit of alleged infringers without a reasonable factual basis' while encouraging defendant with valid defenses to defend their rights." (citation omitted).

5

Second, and only last week, the District of Utah, appearing to not only adopt, but significantly extend, the holding of *Gonzales*, set forth a specific list of requirements for BitTorrent plaintiffs to pursue their claims: "Therefore, to avoid the risk of false positives, either Plaintiff's amended complaint, or any future motion for default judgment against an IP address's subscriber, must include the following information, *if available*, to enable a better evaluation of Plaintiff's entitlement to judgment:

> • the nature of the facility using the IP address (apartment, single-family house, business, etc.), the physical address, and the mailing address used by the internet service provider for the subscriber;
> • whether the IP address is associated with a wireless router, and whether any network that the router broadcasts is secured or unsecured;
> • whether individuals other than the subscriber have access to use the IP address;
> • the subscriber's age;
> • the subscriber's knowledge, encouragement, or inducement of third-party use of the IP address for infringement; and
> • whether payment or partial payment for internet service through the IP address has been made by someone other than the subscriber."[6]

The Court's rejection of Plaintiff's ongoing use of form complaints that make no specific allegations regarding an individual or that individual's actions but rely instead on a vague linkage to an IP address, will, Mendoza hopes, significantly curtail BitTorrent filings in that jurisdiction. Applied here, it is just one more piece of evidence to suggest that Mendoza's circumstances are representative of a sham litigation scheme perpetuated through a form complaint that the Ninth Circuit recently determined does not meet basic pleadings standards under Iqbal/Twombly, and the District of Utah has also held will no longer pass muster.

---

[6] The Notice of Proposed Order and Notice of Hearing are attached hereto as Exhibit 1.

Third, and perhaps most damning to Plaintiff's claims in this matter, deposition testimony obtained by another (like-minded) BitTorrent defense attorney, David H. Madden, suggests there are significant problems with the so-called "evidence" BitTorrent plaintiffs rely on to file their cases. Mendoza suggests that if the representations made by BitTorrent witness Benjamin Perino are true, *every single BitTorrent claim ever filed would be subject to Rule 11*. Specifically, according to Mr. Madden's understanding of BitTorrent witness Benjamin Perino's testimony:

> The BitTorrent data collection apparatus discards information that may be exculpatory. Specifically, Mr. PERINO testified that the system he implemented automatically collects data from anonymous computers communicating over the Internet. The data would presumably include sound and images from a movie, but would also include non-audiovisual data indicating software versions, computer types and so forth. However, only a partial, limited summary or synopsis of that data is stored, while the actual data – including the software versions and computer types – is discarded. Further, the synopses are made through a "oneway" mathematical process called "hashing," which ensures that it is impossible to reconstruct the automatically-collected data from a stored synopsis. The BitTorrent lawsuits are filed on the basis of the stored synopses, so even assuming that the system had at one time collected evidence of infringement, the plaintiff at the moment of filing does not have such evidence, and is further mathematically precluded from regenerating such evidence. These deficiencies are concealed from the Court through artful pleading and vague representations that rely on the Court's lack of technical expertise and reluctance to commit judicial resources in the beginning of a case, when it is normally proper to rely on the parties' greater motivation to explore alternatives and to test allegations and defenses thoroughly.[7]

It should go without saying that Mendoza should be a prevailing party presumptively entitled to fees if, as Mr. Madden's deposition seems to indicate, BitTorrent Plaintiffs are not in possession

---

[7] Declaration of David H. Madden, ¶¶12, 13, attached hereto as Exhibit 2. A transcript of this deposition is not yet available, but will be provided to the Court in full upon receipt.

of the evidence they suggest exists at the time they file suit. On this basis alone Mendoza suggests the Court must evaluate its prior ruling denying an award of fees.

      B.    **The Court Misapprehended the Facts Presented and Failed to Acknowledge that Defendant Mendoza's "Cut and Run" Experience Should Trigger the Presumption that Attorney's Fees Be Awarded**.

Mendoza does not wish to re-state the facts and arguments made in his original objection, other than to question the logic the Court applied to determine that the circumstances described by Mendoza – circumstances that the Court found disturbing enough to suggest the issues raised by Mendoza might be referred to the Rules Committee – were not sufficient to meet the presumption that a prevailing party is entitled to fees. It is akin to suggesting and 1 and 1 makes 3. If there is no dispute that (1) Defendant Mendoza is a prevailing party by virtue of Plaintiff's "cut and run;" i.e. filing a Motion to Dismiss at the first sign of resistance; and (2) Defendant Mendoza's experience with "cut and run" is representative of other scenarios outlined by his counsel; and (3) those collective experiences "convince[d] the Court that it should re-evaluate its own overall treatment of these cases and consider whether to suggest that the Rules Committee in this district look into the matter as well…" then why does the presumption of a fee award not attach? Mendoza suggests that disconnect is error.

While the Court acknowledges the well-known holding that "the prevailing party in Copyright Act litigation is presumptively entitled to an award of fees of § 505," (Order p. 2 and p.3) and further acknowledges that the "presumption" language applies in this district under *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926 (7th Cir. 2008), the Court, without citation, finds that the "presumption does not equate to an obligation." This flies in the face of well-established Seventh Circuit case law that has repeatedly determined that "the prevailing party in Copyright

8

Act litigation is ***presumptively entitled to an award of fees under § 505***," *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) *citing Woodhaven Homes & Realty, Inc. v. Holtz*, 396 F.3d 822, 824-25 (7th Cir. 2005); *Assessment Techs. of WI, LLC. v. WIREData, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004.) (emphasis added.) **"In the case of prevailing defendants, we have described this presumption as 'very strong'."** *Id. citing Assessment Techs.*, 361 F.3d at 437 ("[***W***]*ithout the prospect of such an award, the [prevailing defendant] party might be forced into a nuisance settlement or deterred altogether from enforcing his rights.*") (emphasis added); *Klinger v. Conan Doyle Estate, Ltd*. 761 F.3d 789, 791 (7th Cir. 2014) (same); *see also Eagle Servs. Corp. v. H2O Indus. Servs.,* 532 F.3d 620, 625 (7th Cir. 2008).

The non-exclusive discretionary factors discussed in *Fogerty v. Fantasy*, as evaluated by this Court, do in fact equate to an obligation. First, the Court acknowledges that "Defendant is correct in suggesting that courts should take offense," where, as has been established (and further buttressed by new evidence discussed above) when BitTorrent plaintiffs exaggerate or bald-face lie in their pleadings to obtain early discovery." (Order p. 2.) Mendoza disputes the Court's suggestion that his "arguments lack much in the way of detail." (Order, p. 3.) Mendoza presented not only his personal experience but those of other BitTorrent defendants/victims. How can the Court acknowledge that the reason Mendoza's story was "lacking" as far as detail was the early cut and run, but then suggest that such a finding would weigh *against* an award of fees under *Fogerty*? Additionally, the fact that there has been no discovery in this case should also be considered a reason to award fees. Instead of improperly giving Plaintiff a pass for offering in reply to provide evidence for *in camera* inspection, the Court should be asking why, if the Plaintiff was willing to produce evidence *in camera*, it asked for (and by default was granted) a

9

stay of its MIDPP obligations? This is particularly troubling in light of evidence recently obtained by Attorney Madden, calling into question the validity of Plaintiff's evidence and whether evidence presented to this Court would have been evidence at all. (See Madden Declaration, Exhibit 2, ¶14.) Doesn't the Court wonder why not a single BitTorrent claim has gone to trial? After hundreds of claims and thousands of defendants, shouldn't that be a cause of concern?

Finally, the suggestion that "[s]ome defendants actually do infringe on copyrights hiding behind BitTorrent and a nameless IP address smacks of "blame the victim." Why, Mendoza wonders, should he be deprived of the presumption of a fee award because other BitTorrent defendants may have violated the Copyright Act? If this Plaintiff had evidence of infringement, Mendoza's age and health would not have prompted a cut and run – or provided the convenient "plausible defense" this Court improperly credits. Rather, this Plaintiff would have done what it does to all defendants who do not fight back: continued to press for settlement in a desperate attempt to avoid reaching the merits, knowing it does not have – indeed never had – evidence to support the claims made in its form complaint.

Although the Court claims that "the first three *Fogerty* factors do not weigh in favor of a fee award," the Court's Order contains no meaningful analysis of those three factors. Rather, the analysis is a single paragraph (Order, p. 4) that ends with the summary statement, "[i]n short, the first three Fogerty [sic] factors do not weigh in favor of a fee award."

The Court acknowledges that "Defendant's brief raises troubling allegations about the potential for abuse in cases like this one" but that potential for abuse does not appear to have been factored into the equation at all. The troubling allegation is that *this Defendant* was the victim of the very same abuse the Court admits to finding troubling. Had he not been, he would

10

have had no basis to make the claims stated in his Response. Despite recognition of these "troubling allegations" the Court makes no finding at all on the most applicable of the *Fogerty* factors: deterrence. Rather, the Court simply states, again without analysis, that "the totality of the circumstances" weigh against a fee award. (Order p. 5.) How can this be so in the absence of the application of each specific *Fogerty* factor to the facts as alleged by this Defendant? The Court's Order provides no answer.

## CONCLUSION

Defendant Mendoza has been forced to incur significant unwarranted and unnecessary fees and costs to defend himself against baseless litigation. Precedent in this circuit provides not just a presumption but a strong presumption that fees will be awarded to a prevailing party, a status obtained by Mendoza through this BitTorrent Plaintiff's "cut and run." Yet this Court, while acknowledging the "troubling nature" of the facts alleged regarding this Plaintiff's actions in this case and others, refuses to abide by that strong presumption, and provides no rational basis for its deviation away from that presumption.

Perhaps most distressing, the Court's failure to award fees sends a clear message to BitTorrent plaintiffs across the country that the Northern District of Illinois is the place to be: "sue then settle" and "cut and run" litigation tactics are not merely tolerated, they are rewarded. As this Defendant suggested in its original request, disregarded the strong presumption in favor of a fee award is contrary to the goals of the Copyright Act and the Supreme Court's analysis of those goals. *See*, *e.g.*, *Fogerty v. Fantasy*, 510 U.S. 517, 527 (1994) ("Because copyright law ultimately serves the purpose of enriching the general public through

access to creative works […] defendants who seek to advance a variety of meritorious copyright defenses **should be encouraged to litigate them**…")

Both because extremely damning additional facts have come to light since the initial briefing, and because the Court's initial analysis misapprehended the facts and misapplied controlling precedent, Mendoza respectfully requests that the Court reconsider its prior ruling and award reasonable attorneys' fees to this prevailing party.

WHEREFORE, Defendant Ernesto Mendoza respectfully requests reconsideration of the Court's February 19, 2019 Order; a grant of reasonable attorneys' fees and costs; and any other just and equitable relief it deems proper.

Respectfully submitted this 19th day of March, 2019:

_____/s/  Lisa L. Clay

Lisa L. Clay
Attorney at Law
2100 Manchester Road, Suite 1612
Chicago, IL 60606
630.456.4818
lisa@clayatlaw.com
ARDC # 5277257

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March, 2019, I caused to be electronically filed the foregoing Motion for Reconsideration with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

_____/s/   Lisa L. Clay\_\_\_\_