UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BODYGUARD PRODUCTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 CV 7667 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| Does 1 – 25, | ) | |
| | ) | Magistrate Susan E. Cox |
| Defendants. | ) | |
| | ) | |
| _____ | | |
| DOE NUMBER 23, Ernesto Mendoza, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BODYGUARD PRODUCTIONS, INC. | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**DEFENDANT DOE NUMBER 23, ERNESTO MENDOZA'S REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION**
_____

Defendant/Counter-Plaintiff Ernesto Mendoza ("Mendoza") in support of his Motion for Reconsideration and in Opposition to Plaintiff's Corrected Response (ECF Dkt. No. 67) states as follows:

1

**INTRODUCTION**

Much like its cousin[1] LHF Productions, Plaintiff Bodyguard Productions seeks to use its Response to a Motion for Reconsideration (hereinafter "P. Resp.") as an attempt to prove the merits of its case.[2] This is improper. If Plaintiff had any interest in establishing the merits of its claims, or buttressing those claims with the statements of a so-called expert, the proper method of doing so would have been to provide MIDPP disclosures with actual evidence, and proceed with the litigation, not file a disingenuous Rule 41(a)(2) Motion. The very narrow issue before this Court is the denial of attorneys' fees. Defendant respectfully suggests that an attempt to turn Defendants' Motion into a mini-*Daubert* hearing is neither appropriate nor relevant to the analysis at hand: whether the Court properly applied the *Fogerty* factors to Defendant's request, as a prevailing party, for attorney's fees.

**LEGAL ANALYSIS**

A. **The Court's Analysis of the *Forgerty* Factors was Error**.

Defendant respectfully suggests that its request for reconsideration is not "the disappointment of the losing party," but relates instead to the "misapplication of … controlling precedent." *Valentine v. Wideopen West Fin., LLC*, No. 09 C 7653, 2013 U.S. Dist. LEXIS 139071 at *12 (N.D. Ill. Sept. 27, 2013) (applying Rule 54(b)). Defendant's position in this regard is very simple: *Forgerty* does not provide the Court with much discretion when it comes to fees, and

---

[1] Defendant uses the term "cousin" to refer to any BitTorrent Plaintiff related through the Maverickeye/Guardaley/IPP network.

[2] *See LHF Productions, Inc. v. Kabala*, Case No. 16 cv 2028 (D. Nev.) (ECF Dkt. No. 206). While a Motion to Strike Plaintiff's Response is warranted, as it was in *Kabala*, Defendant does not wish to unnecessarily extend these proceedings, and elects instead to file only this Reply.

2

the Seventh Circuit precedent since *Fogerty* doesn't, either. "Defendants are entitled to a "very strong" presumption in favor of receiving attorneys' fees." *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013) *citing Assessment Techs of Wis. LLC v. WireData, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004); *see also Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 387 (7th Cir. 2011) *citing Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008) ("Defendants who defeat a copyright infringement action are entitled to a strong presumption in favor of a grant of fees.") "For without the prospect of such an award [an infringement defendant] might be forced into a nuisance settlement or deterred altogether from exercising [its] rights." *DeliverMed, 734 F.3d* at 626. That is *precisely* the harm Defendant here seeks to avoid.

Plaintiff's Response attempts to distinguish the attorney fee cases in Defendant's Motion by suggesting that the cases cited by Defendant "are not analogous to the present case." (P. Resp. p. 4.) Defendant disagrees. Indeed, *Klinger v. Conan Doyle Estate, Ltd.,* 761 F.3d 789 (7th Cir.2014). presents nearly identical facts: a Plaintiff whose "business strategy was to demand [a settlement] to which it was not entitled in hope that the [Defendant] would [settle] rather than incur substantial legal fees to challenge the legality of the demand." (P. Resp. p. 4-5.) The difference between the licensing fee in *Klinger* and the settlement demanded here is mere semantics. A business strategy that demands a settlement based on the hope that Defendants will settle is the BitTorrent model defined, and highlights perfectly why Defendant believes the Court's fee ruling was error.

**B. Plaintiff's Response to Defendant's New Evidence Is Just More Evidence of the Underlying Baselessness of Its Claims.**

In response to Defendant's representations regarding the deposition of Benjamin Perino, Plaintiff trots out its alleged "expert" Robert Bunting, and a well-worn – indeed repeatedly recycled – "expert report" to rebut the representations of Attorney David Madden. Indeed, Plaintiff spends over six pages of its Response (P. Resp. 6 – 12) reciting Bunting's declaration nearly verbatim. Defendant does believe there is relevance or value to a line-by-line parse of Mr. Bunting's statements, other than to make the following observations:

- Plaintiff's Response does not contain any legal analysis or any explanation as to what, if any, relevance Mr. Bunting's statements could have to do with a request to reconsider a fee request. It was Plaintiff's decision to dismiss its claims. Plaintiff should not be arguing the merits of its case post-dismissal, particularly when it was Plaintiff's decision to cut and run.

- The "Declaration" of Stephen M. Bunting (ECF Dkt. No. 63-1), paragraphs 1 – 16, are in all but one case lifted restatements of the June 11, 2018 Declaration Plaintiff here attempts to frame, as have several of its cousins, as an expert report. (See, e.g. ¶ 1 p. 1 = ¶ 1 p. 8; ¶ 2 p. 1 = ¶ 47 p. 30; ¶ 3 p. 1 = ¶ 2 p. 8; ¶ 10 p. 3 = ¶ 9 p. 10; ¶ 16 p. 5 = ¶ 20 pp. 14-15). Plaintiff offers no explanation for the repackaging of an expert report from a different case with a different Plaintiff.

- In fact, the repackaged "expert" report of Mr. Bunting is doubly repackaged: it is in significant part identical to Mr. Bunting's December 11, 2018 "expert report" in *Strike 3 Holdings v. Doe*, Case No. 2: 17 cv 1731 (W.D. Wa.)[3]
- Mr. Bunting's December 11, 2018 "expert report" has been evaluated and rebutted by Dr. Kal Toth.[4] Dr. Toth's report suggests, among other things, the following:
    - The tests described … are trivial tests that set up three or four test computers with installed BitTorrent clients connected to Internet service providers configured to share a small number (e.g. 4) predetermined video files using BitTorrent. These simplistic 'demonstration tests' confirm that all the pieces of the videos were detected and captured by IPP. However, the IPP system's operating workload at the time of the tests, and the workload conditions of the BitTorrent swarm were not described. And their tests did not document the operating workloads or churn among peers participating in the BitTorrent swarm during the period of the testing…
    - Bunting's tests demonstrate nothing about the reliability of the IPP software when operated under real-world operating conditions.

---

[3] The December 11, 2018 Declaration specifically addresses statements made by a District of Columbia District Judge, but is in all other respects identical to the Declaration presented in this matter. Oddly, Plaintiff in the Strike 3 Case did not include the Exhibit B referenced in Mr. Bunting's report, so Defendant cannot provide it here.

[4] Defendant wished to only provide the Court with only the analysis section of Mr. Toth's report, along with the Declaration of Mr. Bunting that was evaluated, and suggests to the Court he would have done so were it not for a malfunctioning home scanner, which necessitated the filing of the entire report or a motion to file untimely exhibits. Defendant directs the Court to pages 1 – 6 of Mr. Toth's report and Exhibit 7 thereto, and will only provide those pages in its courtesy copy to the Court.

- o None of the tests conducted by … Bunting verified that infringing files" (movies) were reliably transferred from the IPP system to the verification tool…
- o No tests were performed to verify that the "infringing file" and the control copy received from the torrent website are computationally identical – this could be done by calculating and comparing file hashes;
- Defendant's counsel in the Strike 3 case has been attempting to depose Mr. Bunting for months without success to date.

Plaintiff's efforts to argue the merits of their claims – merits they abandoned by filing a Motion to Dismiss – should be disregarded by the Court as both improper and unduly prejudicial in light of the fact that neither the Defendant nor the Court has any reasonable means of evaluating the veracity of Mr. Bunting's statements.

C. **This Court Can and Should Consider the *Gonzales* Holding and Other Judge's Rulings in BitTorrent Claims, As Well as The Fact That the Filing of BitTorrent Claims Has Diminished Dramatically in All Districts Other Than This One**.

Plaintiff asks this Court to disregard the findings of judges from other districts based on a wholly improper and unsubstantiated statistical assessment: "Considering the hundreds of similar copyright infringement cases throughout the country, the decisions in *Gonzales* and a few other cases outside the Northern District of Illinois and the Seventh Circuit comprise a minority position." (P. Memo p. 14). What, Defendant wonders, should the Court make of the unaddressed fact that the Northern District of Illinois is seemingly the only jurisdiction that remains friendly to these claims? Moreover, the plain fact is that there are significantly more than "a few other cases outside of the Northern District," and more than a few inside the Northern District – expressing all level of concern with BitTorrent claims. *See, e.g. Malibu*

6

*Media, LLC v. Doe*, No. 18 C 450, 2018 U.S. Dist. LEXIS 207655 (N.D. Ill. Dec. 10, 2018); *Cobbler Nev., LLC v. James*, No. C15-1430 TSZ, 2018 U.S. Dist. LEXIS 180082 (W.D. Wa. Oct. 19, 2018); *Cook Prods., LLC v. Sanicke*, No. C16-1884 TSZ, 2018 U.S. Dist. LEXIS 180079 (Oct. 19, 2018); *Clear Skies Nev., LLC v. Hancock*, No. 15 C 6708, 2017 U.S. Dist. LEXIS 135511 (N.D. Ill. 2017); *Malibu Media LLC v. Doe*, No. 13 C 6312, 2016 U.S. Dist. LEXIS 14798 (N.D. Ill. Feb. 8, 2016); *Killer Joe Nev., LLC v. Doe*, No. 1:13-CV-1038, 2013 U.S. Dist. LEXIS 95416 (N.D. Ohio July 9, 2013); *Patrick Collins, Inc. v. John Does*, 1-33, No. 4:12-cv-13309, 2013 U.S. Dist. LEXIS 50674 (E.D. Mich. Feb. 27, 2013); *Third Degree Films v Does*, 1-47, 286 F.R.D. 188 (D. Mass. Oct. 2, 2012); *Media Prods. v. Does*, No. 12 Civ. 2962 (HB), 2012 U.S. Dist. LEXIS 125366 (S.D.N.Y. Sept. 4, 2012); *Malibu Media, LLC v. Doe*, 2012 U.S. Dist. LEXIS 103390 No. 12-cv-1407-WJM 2012 U.S. Dist. LEXIS 103390 (D. Colo. July 25, 2012); *Patrick Collins, Inc., v. Doe*, 288 F.R.D. 233 (E.D.N.Y. 2012). Plaintiff does not address that at last count, only a handful of jurisdictions see new BitTorrent filings at all. That, Defendant respectfully suggests, is the most important statistic for this Court to consider.

Plaintiff's last argument is to suggest this Court should take Mr. Bunting's "comprehensive analysis of the Detection System" as gospel and disregard all other evidence of sham litigation presented by this Defendant. This would be improper, particularly in light of Mr. Bunting's highly suspect "expert" status. Indeed, the "expert" designations made by BitTorrent Plaintiffs to date have failed to pass muster. *See, e.g. Malibu Media LLC v. Doe*, No. 13 C 6312, 2016 U.S. Dist. LEXIS 14798 at *26-39 (N.D. Ill. Feb. 8, 2016). Defendant respectfully suggests that Mr. Bunting would have, in the end, proven no different.

**CONCLUSION**

Defendant Mendoza is entitled to a strong presumption in favor of an award of fees. This record contains no evidence to rebut that presumption. For all of the reasons stated in Defendant's Motion for Reconsideration and this Reply – reasons left untouched by Plaintiff's Response – Defendant respectfully renews his request that the Court reconsider its prior Order and award Defendant reasonable attorneys' fees as requested.

Respectfully submitted this 28th day of May, 2019:

_____/s/  Lisa L. Clay_____

Lisa L. Clay
Attorney at Law
2100 Manchester Road, Suite 1612
Wheaton, IL 60187
630.456.4818
lisa@clayatlaw.com
ARDC # 5277257

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2019, I caused to be electronically filed the foregoing Reply in Support of Defendant's Motion for Reconsideration with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

_____/s/   Lisa L. Clay_____