IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES 1-25, ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> DOE NO. 23, ERNESTO MENDOZA, ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BODYGUARD PRODUCTIONS, INC., ) <br> ) <br> Counter-Defendant. ) | Case No. 17-cv-7667 <br><br> Judge Robert M. Dow, Jr. |

**ORDER**

For the reasons stated below, Defendant/Counter-Plaintiff's motion for reconsideration [54] is denied.

**STATEMENT**

This is one of dozens of cases like it filed in this district in recent years. Defendant/Counter-Plaintiff views that fact alone as problematic, as the very purpose of his motion for reconsideration is to urge the Court to issue a fee award that, in Defendant's view, will discourage the business model that prompts lawsuits like this one from being brought in the first place. For its part, Plaintiff/Counter-Defendant's brief in opposition spends more time attempting to defend its overall litigation approach in generic cases of this kind than on any defense of its decision to bring suit in this particular case. Both parties have manifested their recognition that this short-lived and long-dismissed case is a minor skirmish in a much larger war. But the issue before the Court is a narrow one: did the Court err in declining to award attorneys' fees to Defendant, as a prevailing party in this lawsuit under the Copyright Act?

Section 505 of the Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. * * * Except as otherwise provided by this title, the court may

also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis supplied). As Defendant notes, in the Seventh Circuit there is a "strong presumption" in favor of awarding fees to counsel for "[d]efendants who defeat a copyright infringement action." *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008). Indeed, some Seventh Circuit opinions have described the presumption as "very strong." *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013).

However, as the Court previously noted, even a strong presumption does not equate to an absolute right to a fee award, and under circuit law the Court's exercise of its discretion is to be guided by the list of non-exclusive discretionary factors discussed in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). Those factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Gonzales v. Transfer Techs., Inc.,* 301 F.3d 608, 608 (7th Cir. 2002) (citation omitted). And because these factors are, in the Seventh Circuit's words, "rather miscellaneous and ill-assorted, they leave the decision on whether to grant or deny attorneys' fees to the prevailing party in a copyright case pretty much to the discretion of the district judge." *Id*.

The briefing on this issue, both at the motion to dismiss stage and on reconsideration, reveals two very different perspectives on "Bit Torrent" copyright infringement litigation. According to Defendant, plaintiffs in these cases lack a legitimate basis for alleging infringement and either exaggerate or bald-faced lie in their pleadings to advance a business model aimed at extorting early settlements. Plaintiff counters with the proposition that some defendants actually do infringe on copyrights hiding behind BitTorrent and a nameless IP address, and when they do, the Copyright Act confers an avenue for enforcing their protected intellectual property rights. See, *e.g., Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1035-36 (9th Cir. 2013). With these strong undercurrents keeping this otherwise seemingly routine and innocuous dismissal order afloat, the Court revisits its prior ruling.

In its prior order [51, at 4-5], the Court undertook a detailed analysis of the *Fogarty* factors. With the benefit of a year's hindsight, additional briefing, and further reflection, the Court comes out in exactly the same place. As before, the most significant considerations militating against a few award are these: (1) Plaintiff sought voluntary dismissal within a few weeks of the filing of Defendant's answer; (2) Plaintiff offered a plausible explanation of the basis for its complaint and the circumstances leading to the filing of its motion to dismiss this particular Defendant; and (3) no other Defendant raised a claim of frivolousness, and in fact a few reached settlements with Plaintiff. Defendant neither established the infirmity of Plaintiff's claim nor incurred substantial attorneys' fees and costs defeating it.

By contrast, the cases cited by Defendant were far more involved, thus dramatically increasing both the burden of defending the lawsuit on the prevailing party and the corresponding deterrent effect of shifting those fees to the losing party. See *DeliverMed*, 734 F.3d at 618 (noting that the case encompassed two consolidated lawsuits, litigated over two-and-a-half years that culminated in "the district court listen[ing] to fourteen days of testimony before ruling against Swift on most of his claims); *Mostly Memories, Inc.*, 526 F.3d at 438 (observing that the prevailing party's lawyer "billed [the client] for 778.2 hours of work, up to and including the trial in the

2

district court," two-thirds of which were attributable for work on the case in which fees were sought). To be sure, Defendant's resistance to Plaintiff's motion for voluntary dismissal and motion for reconsideration have spawned a "battle of the experts" over the theoretical underpinnings of copyright actions based on alleged BitTorrent infringement. But any further expenditure of the parties' and the Court's energy in trying to get to the bottom of that dispute would run afoul of "the principle that the fees tail should not be allowed to wag the merits dog too vigorously." *Mostly Memories, Inc.*, 526 F.3d at 438.[1]

Date: February 20, 2020

_____
Robert M. Dow, Jr.
United States District Judge

---

[1] Had the circumstances here come closer to those in *Clear Skies Nevada, LLC. v. Hancock*, No. 15-cv-6708, docket entry 130 (N.D. Ill. Jan. 30, 2018)—another BitTorrent case cited by Defendant and by the Court in its prior ruling—a fee award plainly would have been warranted. As Judge Kendall observed, in that case "Defendant and her attorneys have spent a great deal of time and money litigating this case," and "Plaintiff has caused significant delays * * * includ[ing] repeated failure to respond to communications from defense counsel, delays producing documents in discovery, and a request to extend the deadline to complete discovery." *Clear Skies Nevada, LLC. v. Hancock*, No. 15-cv-6708, docket entry 101, at 3 (N.D. Ill. Aug. 23, 2017). Furthermore, although the case "was neither frivolous nor objectively unreasonable" at the pleading stage, once the defendant "produced forensic evidence showing that the infringement may not have come from her IP address and that the methods used by Plaintiff to identify infringers are flawed," the Plaintiff sat on its hands through an extended discovery period without making any effort to confront Defendant's arguments. See *id.* at 6.